FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA   16 MAR 10  AM 11: 35
CASE NO:

LOUIS PFAFF

    Plaintiff

v.

ESCALLATE LLC                    2:16 -CV- 188 -FtM-99mrm

    Defendant

_____/

## COMPLAINT FOR DAMAGES PURSUANT TO THE TCPA

### Jurisdiction

1.    This is an action which arises from violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 et. Seq.

2.    This court has jurisdiction to hear matters regarding the TCPA. 28 U.S.C. §1331, Mims v. Arrow Financial Services LLC 132 S.Ct. 740 (2012).

3.    Plaintiff, LOUIS PFAFF is a resident of Collier County, Florida, and at all times material hereto, owned, or otherwise exercised dominion and control, over the cellular phone number ending in 8156, with a 914 area code, which was called in violation of the TCPA as alleged herein.

4.    Defendant, ESCALLATE LLC (ESCALLATE) is a Florida Foreign LLC, with its principle headquarters in Ohio, and which does business in Collier County, and which calls and sends correspondence to Collier County residents for the purpose of the collection of consumer and particularly medical-related debts.

1

5.     The events that give rise to this Complaint, including specifically the calls and messages that constitute the cause of action herein, were made to Plaintiff's cell phone number identified above.

6.     Jurisdiction and venue are proper in this Court.

## The TCPA

7.     The TCPA was enacted by Congress in 1991 to regulate (a) unsolicited faxes, (b) calls placed using automated dialing equipment or prerecorded or artificial voices, including text messages ("robocalls"), (c) telephone solicitations, and (d) calls with inadequate identification or lacking caller ID. 47 U.S.C. § 227.

8.     The FCC has found that the TCPA's implementing rules provide "heightened protection" for consumers, as autodialed robocalls can be "costly and particularly intrusive." *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* CG Docket No. 02-278, Report and Order (2015)(Declaratory Ruling and Order).

9.     With regard to cellphones, the TCPA restricts calls to cellphones using autodialers, defined by the TCPA as "equipment that has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial those numbers." The FCC has subsequently clarified that "congress intended a broad definition of autodialer," and that equipment need only have the "capacity" to function as an autodialer, to violate the TCPA. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* CG Docket No. 02-278, Report and Order

2

(2015)(Declaratory Ruling and Order); <u>Satterfield v. Simon & Schuster Inc.</u> 569 F. 3d 946 (9th Cir. 2009).

10.     The restrictions above extend to both calls that a consumer is actually charged for, as well as calls to a cellular phone, even if the consumer is not charged.  <u>Osorio v. State Farm Bank,</u> 746 F.3d 1242 (11th Cir. 2014).

11.     A "called party" with standing to bring a TCPA action, is the person actually called, regardless of whether they were or are the "intended recipient." <u>Osorio v. State Farm Bank, F.S.B.,</u> 746 F.3d 1242 (11th Cir.2014).

12.     A person may only be called with an autodialer to a cellphone, if prior consent has been provided. *Request of ACA International for Clarification and Declaratory Ruling,* CG Docket No. 02-278, FCC Release 07-232, 23 FCC Rcd 559, 565, 2008 FCC LEXIS 56, 43 Comm. Reg. (P & F) 877, at ¶ 9 (Jan. 4, 2008). Consent may be revoked, orally by a consumer. <u>Osorio v. State Farm Bank, F.S.B.,</u> 746 F.3d 1242 (11th Cir. 2014). It is the Defendant/caller's burden to demonstrate that consent was provided. *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 23 FCC Rcd. 559, 564 (F.C.C.2008).

13.     The TCPA is a strict liability statute that "does not require any intent for liability except when awarding treble damages." <u>Breslow v. Wells Fargo</u>, 857 F.Supp.2d 1316 (S.D. Fla. 2012).

<u>Facts</u>

14.     Plaintiff at all times relevant hereto, exercised dominion and control over the phone number named above, which was a cellular phone number, and Plaintiff was the "called party," as is defined by the TCPA and interpretive FCC guidelines.

15.    In or around January 2015, Plaintiff was receiving numerous collection phone calls from the Defendant. In, on, or about January 15, 2015, Plaintiff by phone advised an agent of ESCALLATE that he no longer wished to receive calls on the subject cellphone number from Defendant, and/or that he did not wish to receive robotic calls on his cellphone, thus as of that date validly withdrawing any prior consent which may have been given to Defendant herein.

16.    Additionally and alternatively, the number that is named herein, was not the same number that Plaintiff had provided consent to use when the obligation that Defendant was seeking to collect was allegedly incurred. Thus, Defendant never had any consent or permission to call or utilize the phone number which was called in violation of the TCPA as alleged herein.

17.    Despite never having consent to use the Plaintiff's current cell phone number, and despite being advised of Plaintiff's withdrawal of consent, subsequent to the withdrawal of consent, Defendant has called Plaintiff's cell number approximately 45-50 times. Said calls emanated from 844-286-6507 a number which is owned, controlled, or utilized, by Defendants herein.

18.    Specifically, Plaintiff received approximately 5 calls in March 2015, 4 calls in April 2015, 3 calls in May 2015, 5 calls in June 2015, 4 calls in July 2015, 4 calls in August-September 2015, 4 calls in October 2015, 4 calls in November 2015, 4 calls in December 2015, 4 calls in January 2016, 5 calls in February 2016, and 1 call in March 2016. Said date and amounts are upon information and belief, and Plaintiff believes that said dates and amounts represent a minimum amount of calls made to Plaintiff's

cellphone. The actual number will be disclosed by third parties in possession of call logs and records.

19.     All of the calls made in the above time frames and for which Plaintiff seeks damages herein, were made using an autodialing system, and/or a system with the capacity to act as an autodialing system, and/or with a robotic, pre-recorded voice.

20.     Specifically, all of the calls alleged herein and which Plaintiff seeks damages for, either (1) left a message on Plaintiff's cellphone which contained a robotic, non-human voice and/or a clearly pre-recorded human voice, and/or (2) upon answering said calls, Plaintiff heard a pause or delay (or otherwise, the call was answered by a robotic or pre-recorded voice saying that an agent will contact or be with Plaintiff, or used similar language) before obtaining a human employee or operator of Defendant. Both are either obvious indications of, or hallmarks of the use of an autodialer and of pre-recorded messages.

21.     Any actions taken by any employees of Defendant, were taken under the employ, and with the knowledge, consent and permission of, the Defendant herein.

### COUNT I - Violation of the TCPA – 47 U.S.C. 227(b)(1)(A)(iii)

22.     Plaintiff realleges paragraphs 1-21, as if fully set forth herein.

23.     Defendant violated 47 U.S.C. §227(b)(1)(A)(iii), by making calls to Plaintiff's cell phone using the technology and methods named above, after Plaintiff informed Defendant that any previous consent which may have been provided, was withdrawn, and after Defendant was aware of the request for revocation of consent.

24.     Additionally, the violating calls herein were made knowingly and willfully. Defendant was made aware of the revocation when it was made by Plaintiff, and knew

that the number it had on file was not the same number it was calling, but not only continued to call, but called (using the technology alleged above) repeatedly, numerous times.

WHEREFORE, Plaintiff LOUIS PFAFF, hereby requests this Court enter judgment against the Plaintiff herein, for (a) Damages in the amount of $500 per call which violates the TCPA (b) Damages in the mount of $1,500 per call which violates the TCPA, which constitutes a willful or knowing violation, (c) injunctive relief, prohibiting further calls to Plaintiff's cellphone which violate the TCPA, (d) attorney's fees and litigation costs and expenses related to the instant action and (e) any and all relief deemed just and proper.

## JURY TRIAL

Plaintiff hereby requests a jury trial on all matters so triable as a matter of right.

Respectfully Submitted by:

s/Jason Weaver Esq.
FBN 0392596
Jason Weaver P.A.
2750 N. 29th Ave Ste. 120
Hollywood FL 33020
(954) 870-4090
jason@jasonweaverpa.com
www.jasonweaverpa.com
*attorneys for Plaintiff*